IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ALFONZA GACHETT,<br>     #160757 | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) CASE NO. 2:07-CV-902-WKW-[WO]<br>) |
| COUNTY COMMISSION OF<br>BULLOCK COUNTY, et al., | )<br>)<br>) |
| Defendants. | ) |

**ANSWER ON BEHALF OF DEFENDANT, TAHIR SIDDIQ, MD**

COMES NOW Defendant, TAHIR SIDDIQ, M.D., as follows:

1.    Plaintiff does not state a claim against Defendant Dr. Siddiq in Ground One (Section V). Further, Dr. Siddiq denies that he is liable to Plaintiff in any manner or amount whatsoever.

2.    Plaintiff does not state a claim against Defendant Dr. Siddiq in Ground Two (Section V). Further, Dr. Siddiq denies that he is liable to Plaintiff in any manner or amount whatsoever.

3.    Plaintiff does not state a claim against Defendant Dr. Siddiq in Ground Three (Section V). Further, Dr. Siddiq denies that he is liable to Plaintiff in any manner or amount whatsoever.

4.    Plaintiff's Complaint fails to state a claim against Defendant Dr. Siddiq upon which relief can be granted.

5.   Defendant Dr. Siddiq denies each and every material allegation contained in Plaintiff's Complaint and demands strict proof thereof.

### FIRST DEFENSE

The medical care and services rendered by Defendant Dr. Siddiq to the plaintiff met or exceeded the applicable standard of care.

### SECOND DEFENSE

Defendant Dr. Siddiq pleads the applicable provisions of the Alabama Medical Liability Act of 1987 and specifically pleads in defense to this action and asserts the applicability of the provisions of ALABAMA CODE §§ 6-5-542 through 6-5-555.

### THIRD DEFENSE

Plaintiff suffered no injury or damage as a result of the acts of which he complaints.

### FOURTH DEFENSE

To the extent the Plaintiff suffered any injury or damage he has failed to mitigate his alleged damage or losses.

### FIFTH DEFENSE

Defendant Dr. Siddiq pleads lack of subject matter jurisdiction.

### SIXTH DEFENSE

Defendant Dr. Siddiq avers that the Plaintiff's Complaint is due to be dismissed due to the failure to comply with the requirements of ALA. CODE § 6-5-551 (1975, *as amended*).

### SEVENTH DEFENSE

Defendant Dr. Siddiq pleads the general issue.

### EIGHTH DEFENSE

Defendant Dr. Siddiq denies any causal relationship between any alleged wrongful conduct on his part and any alleged damages or injuries claimed in the Plaintiff's complaint.

### NINTH DEFENSE

Plaintiff's complaint fails to state a claim against this defendant upon which punitive damages may be awarded.

### TENTH DEFENSE

Defendants plead the applicability of ALA. CODE § 6-11-21.

### ELEVENTH DEFENSE

Defendant Dr. Siddiq pleads lack of personal jurisdiction.

### TWELFTH DEFENSE

Defendant Dr. Siddiq avers that he is not guilty of any violation of the Plaintiff's constitutional rights.

### THIRTEENTH DEFENSE

Defendant Dr. Siddiq asserts absolute immunity pursuant to Article I, § 14 of the ALABAMA CONSTITUTION.

### FOURTEENTH DEFENSE

Defendant Dr. Siddiq pleads substantive and official capacity immunity.

## FIFTEENTH DEFENSE

Defendant Dr. Siddiq is immune from liability based upon discretionary function immunity.

## SIXTEENTH DEFENSE

Defendant Dr. Siddiq is entitled to qualified immunity under Federal and State law.

## SEVENTEENTH DEFENSE

Plaintiff has failed to exhaust his administrative remedies.

## EIGHTEENTH DEFENSE

The Complaint fails to state a cause of action for negligence and/or wantonness on behalf of Plaintiff against Defendant Dr. Siddiq.

## NINETEENTH DEFENSE

Plaintiff is not entitled to any relief under 42 U.S.C. § 1983.

## TWENTIETH DEFENSE

This Court lacks subject matter jurisdiction due to the fact that even if Plaintiff's allegations should be proven, the allegations against Defendant would amount to mere negligence which is not recognized as a deprivation of Plaintiff's constitutional rights. See *Rogers v. Evans*, 792 F.2d 1052 (11th Cir. 1986).

## TWENTY-FIRST DEFENSE

Plaintiff has failed to exhaust his administrative remedies as mandated by the Prison Litigation Reform Act amendment to 42 U.S.C. § 1997e(a). Plaintiff has failed to

pursue the administrative remedies available to him. See *Cruz v. Jordan*, 80 F. Supp. 2d 109 (S.D. N.Y. 1999) (claims concerning defendants' deliberate indifference to a medical need is an action "with respect to prison conditions" and is thus governed by exhaustion requirement).

### TWENTY-SECOND DEFENSE

Defendant asserts that the Plaintiff's Complaint is frivolous and filed in bad faith solely for the purpose of harassment and intimidation and requests this Court, pursuant to 42 U.S.C. § 1988, to award said Defendant reasonable attorneys' fees and costs incurred in the defense of this case.

/s/ James E. Williams
JAMES E. WILLIAMS (ASB-9283-W84J)
Jwilliams@mewlegal.com
FLYNN MOZINGO (ASB-9111-073J)
Fmozingo@mewlegal.com
Attorney for Defendant,
TAHIR SIDDIQ, M.D.
Melton, Espy & Williams, PC
255 Dexter Avenue
Post Office Drawer 5130
Montgomery, AL 36103-5130
Telephone: (334) 263-6621
Facsimile: (334) 269-9515

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been electronically filed on the **19th day of December, 2007**, with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Winthrop E. Johnson, Esq.
WEBB & ELEY, P.C.
wjohnson@webbeley.com

I FURTHER CERTIFY that I have served a copy of the foregoing upon the Plaintiff, by mailing a copy of same to him on the **19th day of December, 2007**, as follows:

    Alfonza Gachett, #160757
    Bullock County Jail
    114 West Hardaway Avenue
    Union Springs, AL   36089

                                        /s/ James E. Williams
                                        OF COUNSEL