IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ALFONZA GACHETT, #160757 ) | |
| ) | |
|     Plaintiff ) | |
| ) | CIVIL ACTION NO. 2:07cv902-WKW |
| vs. ) | |
| ) | |
| COUNTY COMMISSION OF ) | |
| BULLOCK COUNTY, et al. ) | |

## SUPPLEMENT TO DEFENDANTS' SPECIAL REPORT

COME NOW the Bullock County Commission, Sheriff Raymond Rodgers,[1] Chief Jailer Curtis Pritchett, Corrections Officer Dorothy Thomas, Corrections Officer Annie L. Reynolds, Corrections Officer Ruby Thomas, Corrections Officer Veronica Harris, and Corrections Officer Johnnie Mae Martin, Defendants in the above-styled cause, and in response to a March 20, 2008 Order from the Magistrate Judge, submit a Supplement to their Special Report to the Court. Attached is an Affidavit subscribed to by the Bullock County Detention Center Administrator explaining the Bullock County Detention Center Grievance Procedure.

### INTRODUCTION

On October 9, 2007, Plaintiff Alfonza Gachett filed a Complaint against the Bullock County Commission, the Bullock County Sheriff, and several Corrections Officers with the Bullock County Detention Center, alleging delayed and inadequate medical treatment while incarcerated at the Bullock County Detention Center and that such treatment amounts to cruel and unusual punishment. On October 10, 2007, the Magistrate Judge ordered Defendants to file a Special Report and Answer within forty (40) days of its Order, making them due by November

---

[1] In Plaintiff's Complaint are three misspelled names – "Rogers," "Cutis Prichett," and "Saddiq." These names should be spelled "Rodgers," "Curtis Pritchett," and "Siddiq."

19, 2007. On November 13, 2007, Defendants requested a thirty (30) day extension of time to file their Special Report, which was granted the next day, and Defendants timely filed their Special Report on December 19, 2007. On March 20, 2008, the Magistrate Judge ordered a Supplement to the Special Report along with an another Affidavit from the Detention Center Administrator explaining the Bullock County Detention Center's Grievance Procedure, to which the following is the Defendants' Response.

### The Bullock County Detention Center Grievance Procedure

The Bullock County Detention Center is a small facility with a small inmate population, and it does not have a written grievance procedure.[2] (Exhibit to Supplement to Special Report, Pritchett Supplement Affidavit, "Pritchett supp. aff.," ¶ 2; Ex. C, Rodgers aff., ¶ 9.) Internal grievance procedures at the Bullock County Jail are available to all inmates, and it is the policy and practice of Mr. Pritchett to ensure that every inmate understands the opportunity to file a complaint or grievance[3] and the availability of such procedures. (Ex., Pritchett supp. aff., ¶ 3.) An inmate may appeal a decision by Mr. Pritchett to the Chief Deputy or the Sheriff himself or may make a written or oral grievance directly to the Chief Deputy or Sheriff. (Ex., Pritchett supp. aff., ¶ 4; Ex. C, Rodgers aff., ¶ 9; Ex. D, Pritchett aff., ¶ 15.) The Sheriff, Chief Deputy, and Mr. Pritchett respond immediately or within the day to complaints/grievances. (Ex., Pritchett supp. aff., ¶¶ 3, 4.) Plaintiff did not lodge a complaint/grievance about his medical treatment or any other condition listed in his federal Complaint with either Administrator Pritchett, the Chief Deputy, or Sheriff Rodgers. (Ex., Pritchett supp. aff.; Ex. C, Rodgers aff., ¶ 9; Ex. D, Pritchett aff., ¶ 15.)

---

[2] The Jail Administrator at the Bullock County Detention Center is presently drafting written procedures that can be handed out to inmates upon booking or placed in a handbook for inmates upon booking.

[3] "'Complaint' and 'grievance,' as used in this context, are synonymous. See Random House Unabridged Dictionary 840 (2d ed. 1993)." Goebert v. Lee County, 510 F.3d 1312, 1325 (11th Cir. 2007).

I.  **LAW**

  A. **Under the Prison Litigation Reform Act ("PLRA") an inmate may not file an action under § 1983 "until such administrative remedies <u>as are available</u> are exhausted."**

The PLRA, 42 U.S.C. § 1997e, states:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).  There is no requirement in the statute that the administrative procedure be in writing.  If a facility like the Bullock County Detention Center lacks a written procedure, then whether an inmate plaintiff has exhausted such procedure would depend upon whether the grievance procedure was "available" to the Plaintiff and used by the Plaintiff.

> "The test for deciding whether the ordinary grievance procedures were available must be an objective one: that is, would a similarly situated individual of ordinary firmness have deemed them available." (internal quotation marks omitted)

<u>Goebert</u>, <u>supra</u> at 1323, quoting <u>Hemphill v. New York</u>, 380 F.3d 680, 688 (2d Cir. 2004).  Whereas, even if a facility has a written procedure, it may not be "available" to the inmate because "[t]hat which is unknown and unknowable is unavailable; it is not 'capable of use for the accomplishment of a purpose.'"  <u>Id.</u>  Therefore, the first question to ask about the Bullock County Grievance Procedures is whether "a similarly situated individual of ordinary firmness [would] have deemed them available." <u>Id.</u>

The Jail Administrator, Mr. Pritchett, states that he informs every inmate who arrives at the Bullock County Detention Center that if the inmate has any problems, including problems with officers, any complaints, or any grievances, then the inmate should see Mr. Pritchett.  (Ex., Pritchett supp. aff., ¶ 3.)  All the inmates understand the liberal complaint/grievance policy of Mr. Pritchett, and they feel free to contact him and the sheriff.  (Ex., Pritchett supp. aff., ¶¶ 3, 4.)

3

In fact, informing every inmate when they arrive at the Bullock County Detention Center that they can submit a complaint/grievance goes beyond the basic responsibility of prison facilities in the Sixth and Tenth Circuits because

> "the Tenth Circuit has rejected the argument that prison officials are required to notify prisoners of available administrative remedies such that any alleged failure of notice excuses the exhaustion requirement. See Yousef v. Reno, 254 F.3d 1214, 1221 (10th Cir. 2001) (rejecting the prisoner's argument that the Assistant Attorney General was under any duty to advise the prisoner of the need to follow internal Bureau of Prisons administrative procedures, and noting that the prisoner provided no authority for that assertion); see also Gonzales-Liranza v. Naranjo, 76 Fed. Appx. 270, 272-73 (10th Cir. 2003) (holding that the district court did not err in rejecting the prisoner's claim that his unawareness of the grievances procedure excused the PLRA's exhaustion requirement).

Brock v. Kenton County, Ky, 93 Fed. App'x 793, 797, 2004 WL 603929, 3 (6th Cir. 2004).

In a recently released 2008 case, the Northern District Court of Florida has gone beyond the fundamental "availability" requirement to list other elements required by other courts. "Additionally, some courts have held that purported requirements of prison grievance procedures, even if they are set forth in a written handbook or guidelines, are not 'available administrative remedies' for PLRA purposes if the written procedures are not mandatory, exclusive, and expeditious. Campbell v. Johnson, 2008 WL 222691, slip op. 6 (N.D. Fla. 2008), citing Martin v. Sizemore, No. Civ. A. 05-CV-105-KKC, 2005 WL 1491210, at *2 (E.D. Ky. June 22, 2005); In re Bayside Prison Litigation, 190 F. Supp. 2d 755, 771-72 (D. N.J. 2002). While not accepting that these elements are, in fact, required before exhaustion of administrative remedies under the PLRA can occur, Defendants address these elements in the context of this case.

While simple and not difficult to understand, it is questionable whether the Bullock County Detention Center's procedures are mandatory. An inmate can submit a complaint/grievance to the Jail Administrator, the Chief Deputy, or the Sheriff of Bullock

4

County himself, and there appears to be no requirement that an inmate begin with Mr. Pritchett first and then appeal to a more senior official, if dissatisfied. (Ex., Pritchett supp. aff., ¶¶ 3, 4.) However, it is clear that an inmate may appeal to the Chief Deputy or Sheriff if unhappy with Mr. Pritchett's resolution. (Ex., Pritchett supp. aff., ¶¶ 3, 4.) This simple procedure is impliedly exclusive because Mr. Pritchett is the most senior officer over the daily running of the jail, and the sheriff is the most senior official over Mr. Pritchett and the jail's policies and procedures. Therefore, there is simply no other avenue an inmate may follow to obtain satisfaction if he or she complains. Mr. Pritchett acts upon complaints/grievances on the same day he receives them, but if the resolution takes longer than a day, such is beyond his control and he obtains a resolution as soon as practical. (Ex., Pritchett supp. aff., ¶ 4.)

In the case of the Plaintiff's Complaint here, it matters not that the Bullock County Grievance Procedure's appellate process is less than mandatory. Based on Mr. Pritchett's affidavits, Plaintiff would have known he had the freedom and that he should submit his grievance about his hand, orally or in writing, to Mr. Pritchett. (Ex., Pritchett supp. aff., ¶ 3.) However, Plaintiff never filed a complaint/grievance at any time to Mr. Pritchett. (Ex., Pritchett supp. aff., ¶ 5; Ex. C, Rodgers aff., ¶ 9; Ex. D, Pritchett aff., ¶ 15.) Therefore, logically if Plaintiff never filed a complaint/grievance, he could never exhaust the Bullock County Grievance Procedure, no matter how simple or non-mandatory it may be.

    **B.    Plaintiff's failure to exhaust all administrative remedies does not comply with the Prison Litigation Reform Act and bars the Complaint.**

The Plaintiff seeks monetary damages to compensate him for the alleged deprivations of his constitutional rights. However, the Plaintiff's claims against the Defendants are meritless, as the Plaintiff has failed to even attempt to utilize the procedure, much less exhaust his remedies, as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).

> The Prison Litigation Reform Act requires exhaustion of administrative remedies before a prisoner can seek relief in federal court in a § 1983 action. 42 U.S.C. § 1997e(a) directs that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." "As a result [of § 1997e(a)], when a state provides a grievance procedure for its prisoners . . . an inmate alleging harm suffered from prison conditions must file a grievance and exhaust the remedies available under that procedure before pursuing a § 1983 lawsuit." Brown v. Sikes, 2000 WL 679141 (11th Cir. 2000); see Alexander v. Hawk, 159 F.3d 1321 (11th Cir. 1998). Moreover, exhaustion of all available administrative remedies is a precondition to litigation and the court cannot waive the exhaustion requirements. Alexander, 159 F.3d at 1325. Thus, the plaintiff is required to exhaust his administrative remedies prior to bringing this litigation.

Bell v. Riley, Civil Action No. CV-00-D-731-E, Recommendation of Magistrate Judge Coody, Middle District of Alabama, pp. 3-4.

As discussed above, internal grievance procedures at the Bullock County Jail are "available" to all inmates. It is the policy of the Bullock County Sheriff's Department that inmates are permitted to submit grievances and that each grievance will be acted upon. (Ex., Pritchett supp. aff., ¶ 3; Ex. C, Rodgers aff., ¶ 9; Ex. D, Pritchett aff., ¶ 14.) As explained in Defendants' initial Special Report, Alabama law also provides the opportunity to file a claim and proceed before the State of Alabama Board of Adjustment pursuant to Ala. Code § 41-9-60 et seq. As a result of Plaintiff's failure to exhaust these two remedies, he is barred from bringing this action by § 1997e(a). See Alexander v. Hawk, 159 F.3d 1321, 1326-27 (11th Cir. 1998) (affirming dismissal of prison action due to failure to exhaust administrative remedies).

Under the PLRA an inmate is required to exhaust all administrative remedies before instituting an action under 42 U.S.C. § 1983. See 42 U.S.C. § 1997e(a). The Plaintiff in this case has not alleged, and, in fact has not utilized two separate and distinct administrative remedies available to him. First, Plaintiff has not attempted to use the grievance procedures

6

provided at the Bullock County Jail. A review of the Plaintiff's inmate file reveals he has not made a complaint or grievance regarding any of the allegations contained in his Complaint. Secondly, he has not alleged that he pursued any grievance through the State Board of Adjustment. (Ex. C, Rodgers aff., ¶ 9; Ex. D, Pritchett aff., ¶ 15.) Even if Plaintiff had fulfilled the requirement as to all the steps in the grievance procedure provided at the Bullock County Detention Center and been denied relief, it was incumbent upon Plaintiff to proceed further with the State Board of Adjustment procedure. Plaintiff has not alleged that he pursued any grievance through the State Board of Adjustment or the Bullock County Detention Center.

## II.   CONCLUSION

For the above reasons, Plaintiff's Complaint should be dismissed under the PLRA, 42 U.S.C. § 1997e, for failure to exhaust his administrative remedies. Not only did Plaintiff not exhaust the Bullock County Detention Center's Grievance Procedure, he never even attempted to use it at all. In addition, Plaintiff did not attempt to use the State Board of Adjustment.

Respectfully submitted this the 3rd day of April 2008.

                                                                              **s/Winthrop E. Johnson**
                                                                              WINTHROP E. JOHNSON, Bar No. JOH086
                                                                              Attorneys for Defendants Bullock County
                                                                              Commission, Sheriff Rodgers, Administrator
                                                                              Pritchett, Corrections Officer Ruby Thomas,
                                                                              Officer Dorothy Thomas, Officer Annie Reynolds,
                                                                              Officer Veronica Harris, Officer Martin
                                                                              WEBB & ELEY, P.C.
                                                                              7475 Halcyon Pointe Drive (36117)
                                                                              Post Office Box 240909
                                                                              Montgomery, Alabama  36124
                                                                              Telephone:  (334) 262-1850
                                                                              Fax:  (334) 262-1889
                                                                              E-mail:  wjohnson@webbeley.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on this the **3rd day of April, 2008**, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: **James E. Williams and J. Flynn Mozingo, Attorneys for Defendant Dr. Siddiq.**

      I also hereby certify that on the **3rd day of April, 2008** I have mailed a true and correct copy of the foregoing by United States Mail, postage prepaid, to the following non-CM/ECF participant:

**Alfonza Gachett, AIS #160757**
**Bullock County Detention Center**
**14 West Hardaway Street**
**Union Springs, AL  36089**

                            **s/Winthrop E. Johnson**
                            OF COUNSEL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

ALFONZA GACHETT, #160757 )
)
    Plaintiff )
)
vs. ) CIVIL ACTION NO. 2:07cv902-WKW
)
)
COUNTY COMMISSION OF )
BULLOCK COUNTY, et al. )

### AFFIDAVIT OF CURTIS PRITCHETT

STATE OF ALABAMA )
)
COUNTY OF BULLOCK )

BEFORE ME, the undersigned authority and Notary Public in and for said County and State at large, personally appeared Curtis Pritchett, who being known to me and being by me first duly sworn on oath deposes and says as follows:

1.    My name is Curtis Pritchett, am over the age of nineteen and competent to make this affidavit. I am Jail Administrator of the Bullock County Detention Center. I have worked with the Bullock County Sheriff's Department for over two (2) years, 4 months.

2.    Internal grievance procedures at the Bullock County Detention Center are available to all inmates, but the Bullock County Detention Center has no written grievance procedure. The Bullock County Detention Center is a small county jail with a maximum capacity of twenty-eight (28) inmates and an average inmate population of between twenty (20) and twenty-five (25) inmates.

3. During intake, every inmate that is booked into the Bullock County Detention Center is told that if he or she has a problem or complaint, they are to contact me. I meet every inmate in the Bullock County Detention Center, and I let them know that they can complain to me about anything, including an officer of the jail. I ensure that each inmate knows he or she is free to tell me about any problems they encounter while in the Bullock County Detention Center. Inmates can file a complaint or grievance verbally or in writing, and I handle each and every complaint seriously and individually. No inmate is subjected to retaliation for a grievance against any officer of the Detention Center or against me. I make sure of that and that the inmates understand that. And the inmates understand that their complaints are handled seriously and fairly. I respond to grievances/complaints immediately or the same day, although the resolution of an inmate's grievance complaint may take longer, e.g., scheduling a doctor's appointment.

4. Inmates who are unhappy with my decisions about complaints are free to contact the Chief Deputy or the Sheriff himself, and they do so. Inmates often write letters to the Sheriff expressing concerns about the jail. If a complaint is lodged against me about my administration of the Detention Center or my handling of a complaint, then I am ready to follow whatever the Sheriff instructs me to do to rectify the situation. It is the practice of the Sheriff and Chief Deputy to respond quickly, i.e., the same or next day

5. Again, the Plaintiff in this case did not file a complaint with me or tell me that he needed immediate medical treatment. Nor did he tell me about the fight in which he injured his hand; I heard about it from the other inmate with whom the Plaintiff fought. A day or two after the other inmate, Ifraty, told me about the fight, the Plaintiff asked to see a doctor, and I took him to one on the same day he made the request.

6. When I state that Plaintiff did not file a complaint with me, I mean that he did not tell me, verbally or in writing, about his hand injury soon after it happened, even though he knew he, like every other inmate, was free to do so. Instead he waited for two days to tell me about his hand. His notification to me about his hand was a request for medical treatment, not a complaint or grievance as to the conditions of his incarceration or how his hand had not been treated until that point in time. If he had explained to me that his complaint was about conditions of incarceration or how officers of the Detention Center had responded or not responded to his medical complaint or that he had complained to me or the Sheriff and received no response, I would have acted to rectify the situation by investigating the conditions of his confinement, investigating and disciplining any officer who neglected an inmate like Plaintiff with a hand injury, or explained why I or the Sheriff responded or did not respond to Plaintiff as he would have liked. I would have normally placed a memo in Plaintiff's jail file also to record how his complaint was handled. However, regarding his hand and after it was initially injured, he did not complain to me or anyone else that I know about; he simply asked to see a doctor.

7. I swear, to the best of my present knowledge and information, that the above statements are true, that I am competent to make this affidavit, and that the above statements are made by drawing from my personal knowledge of the situation.

_____
CURTIS PRITCHETT

SWORN TO and SUBSCRIBED before me this 27 day of MARCH 2008.

_____
NOTARY PUBLIC
My Commission Expires: 18 Feb 2012