IN THE UNIED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION    RECEIVED

2008 MAY -6  A 9: 37

DEBRA P. HACKETT
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

ALFONZA GACHETT, #160757)
   Plaintiff )
)
VS. )CIVIL ACTION NO. 2:07-CV-902-WKW
COUNTY COMMISSION OF )
BULLOCK COUNTY, et al., )
   Defendants )

## PLAINTIFF ALFONZA GACHETT RESPONSE AS ORDER

I   COME NOW Plaintiff ALFONZA GACHETT and move this Honorable court to review and accept plaintiff response, and for good cause, to remedies and deemed, before plaintiff was injury Oct 8, 2006 plaintiff, other inmates and family complained to STAFF pertaining the unbearable smell from sewage of the jail, toilets not working, can't go outside, not taken inmates to the Doctor and numberous of jail conditions, of all request jail staff and Cheif Jailer CURTIS PRITCHETT reply to the jail inmates the problem with the jail is major and the Commission have to give the O.K. to fix the problems the jail have, and he personally told Commission about the problem months ago; inmates and plaintiff had our parents to tell Commission of unbearing condition the jail has. Commission failed to correct jail problems, Commission were knowledgeable of numberous jail condition, respectfully Commission is not the final

policy maker for the Jail, but fund the Jail to maintain the jail, the Commission should be held liable, cause it is his duty to fund the Jail in matter, not to run the jail or matters of hiring staff, but to fund, the Commission has fail to maintain by not providing funds.

II. Sheriff Rodger's were Knowledgeable of Complaint's of Jail condition and plaintiff GACHETT fell on Oct 8, 2006 by Jail staff, plaintiff parent and other inmates parents supporting evidence (EX C, Rodger's aff., ¶ 4,) stated "Instead of informing Mr. Pritchett or another Correction's officer of any Complaints plaintiff would often telephone his mother who would call me and let me Know about plaintiff Complaint, I have asked plaintiff mother why plaintiff doe not tell the Jail staff er sheriff office about his complaint's; Sheriff Rodger's aff along and Mr. Pritchett and other's is not Constant as being true. Supporting evidence (EX C, Rodger's aff., ¶ 4.) (1) " Plaintiff would often tele-phone his mother who would call me and let me Know about plaintiff Complaint " Sheriff Rodger's then became Knowledgeable by plaintiff mother pretaining of Serious possible injury to plaintiff (2) ( EX C , Rodgers aff., ¶ 3,) " Three or four day's after the injury, Mr. Pritchett the Jail administrator told me about plaintiff injured hand, I personally went to the Jail to check on the plaintiff after administrator told me about his hand " (EX D, Pritchett aff., ¶ 7,) " On the day after or on the second day after I spoke with Ifraty about plaintiff hand; Plaintiff made his first request to go to a doctor, I called Dr siddiq

who told me to bring him to his office. I took plaintiff to the doctor on the sameday that he ask to see a doctor " from re-veiwing and combining Sheriff Rodger's aff and Mr Pritchett aff Sheriff Rodgers aff stated " Three or four days after injury " Mr Pritchett aff stated " he took plaintiff the same day of injury. Sheriff Rodger personally check on plaintiff when Pritchett told Sheriff (Combine) if Pritchett took plaintiff same day injury, how can sheriff Rodgers check personally Three or four days after injury, sheriff Rodgers timely is possible constant to his where about and timely is there fore impossible to be true and/or correct. Sheriff Rodger's failed to veiw and reveiw complaints from plaintiff and plaintiff mother, plaintiff mother made known to sheriff of complaints numberous time's (EXC, Rodgers aff., 9l 4.) stated " Plaintiff would often telephone his mother who wobld call me and let me know about plaintiff complaints " respectfilly plaintiff mother did complain nomberous times and way of personal appearance to Jail staff and Sheriff office pretaining plaintiff injury of urgency and/or Emerg-ence situation, plaintiff mother had already made known to staff and cheif Jailer Pritchett, plaintiff mother sought higher authority when no action were taken for treatment to plaintiff, plaintiff and plaintiff mother complaints were ignore by authority. after plaintiff mother sought numberous of time with staff and administrator Pritchett plaintiff mother often to sheriff Rodger supporting (EX C, Rodgers aff., 9l 9,) stated " If the complaint is about the cheif Jailer, then any inmate can complain to ME " If plaintiff mother often complain to sheriff Rodgers. Complaint was not act upon in condition

and circumstance amount to NONE, being a sheriff over a
County, it is the sheriff duty and responsibitiy to responsed
to any emergency to take prompt action required when
that sheriff become Knowledgeable of any complaint
Sheriff Rodgers failed to act upon a complaint when he
became knowledgeable of Complaint by plaintiff mother
pretaining emergency situation of plaintiff injury of
Serious that required prompt action. Sheriff Rodger repeatedly
ignore complaint, cause plaintiff mother often would telephone
him about complaints. Irrespective of plaintiff and defendants
argue the court should deemed plaintiff Complaint sought and
action taken by defendants act and failure made when defendants
become Knowledgeable respectfully to condition, circumstance and
situation us reveiwed of Complaints, UPON Cheif Jailer Pritchett

**II**   <u>PLAINTIFF GACHETT RESPONSE TO DEFENDANTS</u>
<u>WRITTEN REPORT OF EXHAUST THE INMATE</u>
<u>GRIEVANCE PROCEDURE BY THE BULLOCK COUNTY JAIL</u>

Plaintiff denied of any Knowledge of inmate grievance
procedure. upon plaintiff Complaining and consult numberous
of time to administrator Pritchett, Pritchett refuse to make
availible to plaintiff of inmate grievance procedure numberous
of time oral to plaintiff when requested by plaintiff, plaintiff
told pritchett that plaintiff have a right, pritchett told plaintiff
to get a lawyer on your own and sue us, plaintiff Consult
pritchett of how he exspect me to get a lawyer when I
am lock up in this jail with my hands tired, plaintiff ask
pritchett for a phone book and/or address so i can sue
you, pritchett stated what ever you do it want work

Case 2:07-CV-00902-WKW-CSC    Filed    page 5 of 23

plaintiff ask pritchett to see the sheriff about the matter of
plaintiff can't file against the county jail, pritchett stated he
was not going to tell the sheriff nothing, cause plaintiff going
to Kiby Correctional, pritchett stated his word was good
eought and to do what i got to do, plaintiff assured pritchett
that plaintiff would seek further, pritchett failed to make
known of available to plaintiff, pritchett tryed to hinder
plaintiff from legal action, plaintiff ask three officer (staff)
to see the sheriff, pritchett told staff not to call the sheriff
that he ask answer plaintiff and told him what i said, pritchett
denied plaintiff from information of pursuing legal action
of any way a cause staff to act in ways to deprive the
plaintiff from obtaining ways to file against the bullock
County Detention Center, pritchett failed to follow any
policies and procedures of the Bullock County ~~Detention~~ Jail
Sheriff Rodgers is the final policymaker for the Bullock
County Detention Center, pritchett are not, respectfully, It is
the sheriff duty of running the Jail and policies and procedures
of the Jail sheriff Rodgers knowlodge of correct response to
greivance of Availibility to immates and are the sheriff re-
sponsiblity for promulgating the policies and procedures of
the bullock County detention facility, supporting evidence -
(Ex D, Rodgers aff ¶ 7,) state " I am responsible for
promulgating the policies and procedures of the bullock County
detention facility." Sheriff Rodgers sworn aff should be
final in this case, Sheriff stated not only true, Sheriff Rodgers
were not knowledgeable and was not agree upon of any changes
may or may not been change and couldn't survive or active

or be active and/or overlook sheriff respectfully sworn aff
as being untrue of Sheriff Rodgers the final Policy maker and of
being Knowledgeable of availible greivance and procedures of the
Bullock County Detention facility

Administrator Pritchett Failed to seek for another surgeon for
the plaintiff orders of Dr Chung, Dr Chung told Pritchatt that the
plaintiff need the plates and screws taken out of plaintiff hand
on December 06, 2006 Dr CHUNG told pritchett and plaintiff of
his plan oral of Dr Chung further order to be schedule upon the
next visit (follow-up) March 16, 2007 Dr Chung will schedule a
appiontment to take out the screws and plates out of the
plaintiff hand, ON March 16, 2007 plaintiff and pritchett returw
for Dr Chung to schedule plaintiff for second sugery of Dr Chung
plan supporting evidence (EX D, Pritchett aff ¶ 9,) stated " I
took plaintiff to see Dr Siddiq for post-surgery follow up
appiontment as late as March 16, 2007 " this error in (EX D,
Pritchett aff, ¶ 9,) correct name would be Dr Chung not Dr Siddiq
supporting evidence ( EX J² plaintiff Jail Medical records ) of plaintiff
taken to Doator Jailer Name, Johnne Martin Date taken to Doctor
3-16-07 signature ALFONZA GACHETT and CURTIS Pritchett a
noted below both signature state " NOTE: Inmate were
taken back to doctor to schedule Sugery on Right hand "
Dr Chung told Pritchett on March 16, 2007 in the present of
the plaintiff that Dr CHUNG is no longer do the Sugery on
the plaintiff, that the County would have to find someone
else to do it that the plaintiff is find for now, pritchett
Consult with Chung of reason for his change of mind was
because of payments the County making to Dr Chung office

pritchett consult with Dr Chung, Dr Chung then stated good day
gentlemen find someone else i am done supporting evidence (Ex D,
pritchett aff. 91 15,) The treatment of plaintiff hand has cost over
$ 8,000 and Bullock County has been directly responsible for paying over
$ 1,800 of that treatment (EX C, Rodgers aff. 91 5,) "plaintiff hos-
pital and doctor bills have totaled over eight thousand dollars
($ 8,000). Bullock County has paid over $ 1,800," Pritchett assure
of understanding to Dr Chung oral that his office could not run
off of monthly payments to his office, plaintiff need second sugery
at this time, defendants failed to correct of plaintiff treatment of
order by Doctor Chung oral to pritchett and possible to commission
office which payment were handle, evidence of fax response of
payments due of treatment to the plaintiff, or Docment submitted
to plaintiff by mail from defendants of Court order, Pritchett failed
follow Dr chung order of medication treatment, supporting evidence
(Ex D, Pritchett aff., 91 9,) "Plaintiff received Vicodin when he
first saw Dr Chung. Although my office could not find the records
for Plaintiff receipt of Vicodin, until October 27, 2007, accord-
ing to our policy and practice, we would have provided what Dr,
Chung had perscribed" plaintiff Suffered with pain after Dr
Chung done sugery, plaintiff had to try and rely on regular over the
Counter pain reliever Supporting evidence (EX J4 plaintiff Jail medic-
al records) medication and Treatment record Dates plaintiff received
pain relievers Dates; Oct 28, 2006, Oct 27, 2006, Oct 30, 2006 (X2),
Oct 31, 2006 (X2) and so on... Defendants staffs failed to
watch inmates take medication Dr prescribed, plaintiff has hands
ON evidence that will cross a bright line of prove or proof, defendants
put a inmate and other inmates in danger from failing

to watch inmates whom take mental health prescribed medication to maintain that inmate behavior to not harm them self or other.

IV. Upon my first visit to doctor siddiq i plaintiff reported, on October 8, 2006 (i) plaintiff fell at the Jail supporting evidence (Special Report Tahir Siddiq M.D.) (page 2 III. Facts) state "On October 11, 2006 GACHETT was brought to the medical office of Dr. Siddiq for examination of his right hand. In reporting his injury to Dr. Siddiq, GACHETT stated that he fell at the Jail on or about October 8, 2006." plaintiff reported to Dr siddiq exact October 8, 2006 Not on or about October 8, 2006. Dr siddiq changed date reported by plaintiff, supporting evidence (Aff of Tahir Siddiq M.D.) stated "On October 11, 2006, I saw ALFONZA GACHETT in my office, he reported to me that he had fallen at the Jail and injured his hand on October 9, 2006, THE treatment note from my office is attached hereto as Exhibit A-1 and states the following; ""Cheif Complaint; Swollen hand since 10/9/06", plaintiff review (Ex A-1) and the date in Chief Comp has been changed by marking over numberous of time from the 8th to the 4th also at different time of marking, It is clear that Dr Siddiq tamper with the date of plaintiff reporteded. plaintiff injury date supporting evidence (Ex F, Martin aff, ¶ 5,) states "I heard from an inmate that a Fight had occurred the previous night. I learned about it on October 9, 2006. plaintiff review martin aff that states "the previous night" is the early day which is October 8, 2006 of martin learned about it on October 9, 2006

Case 2:07-CV-00902-WKW-CSC- Filed                    page 4 of 23

Dr Siddiq first submitted his Special report of October 8, 2006

Dr Siddiq second submitted his Affidavit report of October 9, 2006

Dr Siddiq tamper with date in Aff., (A-1 Exhibit) changing of date

Marking over at a later time 8th to the 9th of October, 2006

plaintiff explain to Dr Siddiq that i was in extreme pain, upon ex-

amination Dr Siddiq did not touch me at all, upon visual of size

of plaintiff hand Dr Siddiq stated "(My God!) look at the size

of his hand" Dr Siddiq turn to Cheif Jailer Pritchett with

warning face expression and ask why wait so long, plaintiff

again ask Siddiq for to give me something for pain, Siddiq told

Pritchett to take me to the hospital for X rays, plaintiff then

explain to Siddiq of ever step or movement plaintiff makes

it shoots extreme pain in my held body also then ask Dr.

Siddiq for a slang or something to support my arm to keep

it from sharp pain to my hand and keed it elevate, plaintiff

stated also to Siddiq about making me walk to the hospital

to at least make Pritchett drive me over to the hospital, Siddiq

denied plaintiff for pain medication to be given upon arrival

to his office; after plaintiff return from the hospital fox X ray's

back to Siddiq office plaintiff complain about the pain

extremely hurt at any movement, to give me something

for pain that it been four days since i've been hurt

Siddiq talk to Pritchett along outside the examining room

reported he referral plaintiff to Montgomery to a hand

specialist, plaintiff argue for siddiq to give me some-

thing for pain and brace my hand for transport me to

another hospital cause if the car hit a bump in the

road it would hurt, Siddiq denied plaintiff for any treat-

from ... to the plaintiff. Dr Siddiq refused to examine ... my jaw and hand Siddiq only stated he has pin in his jaw it will swell up time to time he ask plaintiff to move his finger and said he'll be fine, Siddiq would not touch me at all, I stated to Siddiq i never ever had the method of pin's in my jaw, that my jaw hurt on the opposite side and Pritchett know's i need a second sugery on my right hand cause they're trying to send me to prison so they want have to spend money, Siddiq failed to fully examining plaintiff on 08-31-07 pritchett took plaintiff to Dr. Siddiq supporting evidence (EX J²) Jail Doctor report Jailer Johnnie Martin Date : 08-31-07, inmates complaint: Pain Jaw & hand, NOTES: Inmate stated that he continue to have pain in the right jaw and right hand (also) Dr Siddiq stated that there were nothing wrong with this inmate CP" plaintiff Jaw was swollen right side of face after return to jail plaintiff couldn't eat and four day before seeing Siddiq. Consult also about liquid food, plaintiff Continue to complain about Jaw after leaving siddiq office pritchett stated I know your jaw still swollen siddiq said there wasn't nothing wrong with you, plaintiff showed his Jaw got even biggert that it was, pritchett stated about pin in my Jaw plaintiff told pritchett it a different side from my Jaw which is the right Side, cause siddiq didn't even look at it, pritchett let wait a couple of day's then i'll take you to the dentist, cause it maybe infected Pritchett took plaintiff with the same jaw even bigger

Case 2:07-CV-00902-WKW-CSC   Filed        page 11 of 23

to Dr Kruger (Dentist) supporting evidence (EX J²) Jail Doc-
tor report. Jailer Name : Ruby THOMAS, Date; 9-21-07
On 9-25-07 plaintiff tooth was pulled. Dr Siddiq could have
examin plaintiff Jaw for why plaintiff Jaw was swollen
Weather he could have state the problem with plaintiff Jaw
to possible apply treatment if needed or referral or infection
Not just visual look without touching or use method like
a treatment stick to look inside plaintiff mouth plaintiff had
the same problem when left (Siddiq to Kruger) of the swollen
Jaw. Jaw swollen 8-31-07 to 9-21-07 Kruger put plaintiff on
medication until 9-25-07. respectfully ① Siddiq failed to
examin plaintiff on 8-31-07 support evidence (J² EX) problem correct
ed 9-21-07 (EX J²) ② Siddiq failed to treat me for pain or
brace, supporting evidence (Siddiq Aff) stated " I did Not
prescribe medication or brace his hand. plaintiff didn't
need at that time for Siddiq to prescribe medication to
the plaintiff, Upon plaintiff gave Dr Siddiq knowledge of
extreme pain for four days, Dr Siddiq should have treated
me for pian at once and to brace plaintiff hand and not let
plaintiff be transported with out a brace ; even a lay peron
could determine the knowledge and act of Dr Siddiq
failure, a lay person could have know a hand or arm
injury should be elevated, and splint or sling should have
been applied, pain medication should have been given
Dr Siddiq failed to treat plaintiff of standard care as required
perfessional Doctor as Siddiq as Commity standard, Dr Siddiq
failed ③ Dr Siddiq had became knowledgeable by plaintiff
and failed to give plaintiff care for his extreme pain in violation

**II** PLAINTIFF GACHETT FURTHER RESPONSE TO
GRIEVANCE PROCEDURES BY THE BULLOK COUNTY JAIL

On October 8, 2006 plaintiff fist sought grievance with
Jailer Dorothy Thomas. ( EX E, Dorothy Thomas aff. ¶ 5,)
stated "I learn that plaintiff injured his hand by fighting
with another inmate." Jailer Dorothy Thomas acknowledge
plaintiff injured, but (1) not acknowledge plaintiff reported oral
nor (2) the time nor (3) the date she learn that plaintiff injured
(4) Nor stated of any complaint made to Thomas (5) ever stated her
action she took when she learn about the plaintiff being
injured (6) nor did she reported to higher authority after
she learn about plaintiff injured (7) Nor how she learn that
the plaintiff injured, (8) Nor stated was the plaintiff injured
act upon by her or other officer of the jail (9) did she write
it in the officer daily log (10) After Dorothy Thomas being
Knowledge about, ____ ___ did she investigate upon
plaintiff injured, (11) did she visual plaintiff injured
~~then need , Plaintiff~~

Plaintiff sought grievance with Jailer Ruby THomas
Supporting evidence (EX I Ruby Thomas aff, ¶ 5,
stated "Plaintiff himself spoke to me and told ___ ___
Needed to go to a doctor." Ruby Thomas __ failed
to acknowledge (1) the time and date plaintiff spoke
to her (2) the action she took after plaintiff told her,
(3) did she reported to higher authority after plaintiff
told her (4) did she investigate of visual of plaintiff
being injured

Case 2:07-CV-00902-WKW-CSC    File         page 13 of 23
defendants states plaintiff Complain often supporting
evidences (EX F Martin aff,, ¶ 5,) states "Although Plaintiff
often complained about things while incarcerated" EX C,
Rodgers aff, ¶ 4,) states "Plaintiff would often telephone his
mother, who would call me one and let me know about Plain-
tiff Complaints ① Martin needs to state what plaintiff Compl-
aints ofen about. sheriff Rodger ① need to stede what plaintiff
mother often telephone him of plaintiff Complaints ② plaintiff mo-
ther Complaints of plaintiff being injured often, ③ plaintiff
Mother complain to Rodgers on the 8th day of October, 2006 ,
④ plaintiff mother complain often, cause of failure to take
plaintiff to doctor when he complain of his injury, ⑤ what was
sheriff Rodgers action did he take if any ⑥ Did sheriff Rodgers
investigate when plaintiff Mother often telephone him, ⑦ did Rodgers
follow-up on complants when he became Knowledgeable plaintiff
injured made by plaintiff mother before pritchett made
him Knowledgeable,

<u>PLAINTIFF MOTION TO MAKE A PERSONAL APPEAR BEFORE
THE MAGISTRATE JUDGE UNDER CONDITIONS AND
CIRCUMSTANCES AS FOLLOW:</u>
① ON Febuary 13, 2008 plaintiff had sugery on right
hand ~~ finy~~ ring finger Amputation and unable to
write and response properly.
② Plaintiff Can't write with right hand only for a
short period of time, Cause of Extreme pain in right
hand that plaintiff write with From plaintiff injury hand
③ Plaintiff Doctor Stated six months to regian
healing in plaintiff right hand.

④ Plaintiff also have plates and screws in right hand, defendants failed to follow Doctor order for plaintiff to have a second sugery on plaintiff right hand that cause of Complication of plaintiff to use the hand plaintiff write with,

⑤ defendants continue to deprive plaintiff of request in obtaining a notary public or other authorized to notarize plaintiff in his legal action,

⑥ defendants continue to not provide plaintiff with the correct lawbooks plaintiff requested for,

⑦ defendants give plaintiff mail late from the court from the mail arrival post date,

⑧ Plaintiff ability to write fully and properly under Conditions and circumstances are unable to do by plaintiff physical right hand of past and previous right hand injurys of plaintiff ability and defendants act and, manner to deprive and/or hinder plaintiff of becoming Knowledgeable to fully mantain of fairness in this legal action, plaintiff requested from defendants for a ( 42 USCS § 1983 ), ( 42 USCS § 1997(e) ) and ( 42 USCS § 1995 ) lawbooks, plaintiff never were provide the lawbooks at all from the Bullock County detention Center, therefore plaintiff under ~~this~~ Condition and circumstances has not in ways and manner direct addressing exact Complaints of Claim sought to be Knowledgeable of exact Violation respectfully same as defendants of procedures and rules to response properly to all manners and matters of equal Knowledgeable of Avialibility

Case 2:07-cv-00902-WKW-csc   Filed          page 15 of 23

plaintiff has Not been provide to properly submit cause the
defendants failed to provide plaintiff with proper lawbooks
that plaintiff requested therefore plaintiff are held from be-
coming Knowledgeable that plaintiff can obtain from the proper
lawbooks needed and requested from the defendants. proper
lawbooks would provide plaintiff to be Knowledgeable of
proper rules, procedures, violation, cases, cite and of any law
need in legal action therefore plaintiff could weed out and
make avialible for this legal action to go forward and correct

<u>PLAINTIFF SOUGHT NEW TO EXHAUST INMATE
GRIEVANCE PROCEDURE ALLEGE OF AVIALIBLE BY THE
BULLOCK COUNTY JAIL</u>

(1) Plaintiff sought with Jail Staff and administrator Pritchett
to file of New violation

(2) Plaintiff sought with Jail Steff and administrator Pritchett
to File with the state board of adjustment

(3) Plaintiff request to staff and administrator Pritchett of
ways to make constitutional, statutory or other legal claim
respectfully to Jail staff who only can report to higher rank
Officer like administrator pritchett who ignore plaintiff
when plaintiff Sought of New to exhaust with inmate
grievance procedure pritchett deny of any available and
only state smart remarks to plaintiff when plaintiff request
<u>defendants</u> policy and procedure <u>of</u> the bullock county
Jail (EX B, _____ _____ ical Treatment) Section 11
Title 11.02  Procedure (5) state the detention Center
nurse. Bullock County Detention Center doe Not has or
ever had a nurse. therefore Bullock County policy

is unvalid. also in Title 11.08 (3) a,b  State of Bullock
County Detention Center of a facility physician which
it doe not have or ever had a facility physican, the
policy is unvalid . therefore Bullock County Detention
Center policy procedures is unvalid cause it state of
existence ,but does not exist and/or avialible as
the policy procedure. allege to have avialible regard-
less of flaws and/or mistakes therefore policy procedure
of entry is false same as it grievance procedure
in sheriff Rodgers affidavit and also sheriff Rodgers
is the final policy maker for the Bullock County Detention
Center (Ex C Rodgers aff ¶ 9) "Bullock County Detention
Center does not have a written grievance procedure
the court should except Rodgers sworn aff as true
and not pritchett who try to justify in pritchett
aff pritchett made statement of working with the
Sheriff Department for eight years (8) plaintiff find
it to be false and untrue, from the plaintiffs personal
knowledge pritchett only work for the Bullock County
Detention Center only from 2 years almost 3 years
therefore pritchett aff sworn of untrue statement
supporting evidence (Ex D, Pritchett aff., ¶ 1)
Plaintiff sought with defendants of grievance procedure
and request from defendants to file with the State
defendants denied plaintiff and deprive and hinder
plaintiff from filing at all to sought relief and
further complaints required in this legal action
defendants continue the plaintiff of his rights

defendants denied plaintiff to file with the state of Alabama and told plaintiff he will fail cause lack of information in filing with anybody cause plaintiff was in the hole. defendant order for no one to go to the hole were plaintiff is and not to give plaintiff any water or talk to the plaintiff at all. plaintiff receive a note from another inmate enclose of the address to the Office of the clerk, plaintiff wrote a two page letter to the clerk and explaining to the Clerk regarding making a complaint and defendants denied and hinder plaintiff in doing so. my letter were received by Clerk DEBRA P. HACKETT whom stamp plaintiff letter date received Feb. 26, 2007 in returning plaintiff letter along with her response letter and proper form to file with the court plaintiff did not file at that time until march 2007 plaintiff written three letter which never made it to Clerk that plaintiff prompt request, aften no response plaintiff question administrator pritchett about the mail regarding waiting for response pritchett laugh at plaintiff and stated they will never get a letter from you cause he's incharge of the mail he assure plaintiff will not get a letter out to the court plaintiff founded a way to get a letter to the court in Oct 2007 with out pritchett knowing plaintiff letter to court were sent plaintiff has that letter for proof of Sought with Bullock County Jail deny of grievance procedure to the plaintiff and defendants hinder

plaintiff deny of any grievance procedure provide at the bullock County Jail no inmate have never known of or ever file and/or submit grievance. defendants never made know to inmates or plaintiff when sought and question about the manner to sought for grievance. defendants failed (1) to have daily request forms or slip and/or submittion of grievance provide for inmates (2) defendants failed to have a grievance procedure so obvious even to lay person (3) defendants failed to display of grievance or any complaint of being sought or other matters in that Jail (4) defendants failed to have orientation for inmate grievance procedure welfare and condition of any matters the court should deem by accept plaintiff and Sheriff Rodgers swron affidavit # and being the final policymaker for the bullock County Jail and plaintiff allege to Exhaust the inmate grievance procedure as required and to notice Bullock County Jail policy and procedures doe not content of availibity Cheif Jailer pritchett act only to resolve and by trying to assit from failure of not having availible correct content the court consider merits reveiwing plaintiff and sheriff Rodgers swron affidavit as true plaintiff allege and supporting evidence of Exhaust the inmate grievance procedure in proper manner of acceptance in this legal matter Court should grant in favor of plaintiff support of Sheriff Rodgers swron affidavit and the final policymaker basis of fact and knowledgeable respectfully as true. Bullock County inmate grievance procedure has failed nomberous ways to hold up in a jurior veiw that doe not made know to inmates of availible and obvios even to a layperon to accept

Case 2:07-CV-00902-WKW-CSC Filed                    page 19 of 23

plaintiff demonstrate. Continue of defendants failure to
acknowledge to plaintiff request to exhaust with the
Bullock County Detention Center grievance procedure
on Feburary 13, 2008 plaintiff had his finger Amputation
of operation plaintiff made staff (Jailer) and pritchett
knowledgeable to exhaust with grievance procedure
on April 25. 2008 administrator pritchett pulled his
fire arm on plaintiff in the presence of two other
inmates pritchett removed his fire arm from his
ankle strap pritchett also were armed with a tazzer
on his side while plaintiff was already secured
plaintiff reported to staff and Deputy Ray Scott
plaintiff mother and relative Complained to Sheriff
Rodgers, Rodgers stated to plaintiff mother pritchett
doe not suppose to have a fire arm, Sheriff Rodgers
or Deputy never investigate plaintiff made known
to staff, Deputy, and sheriff that plaintiff wanted to
file Charges against Administrator Pritchett, Sheriff
Rodgers and Pritchett put plaintiff on lock down and
order staff not to listen or go to plaintiff Cell (The hole)
on April 26 plaintiff submit handwritten request
to each Jail staff only one Jailer Veronica Harris
(EX. A) accept plaintiff handwritten request after
Harris reviewed request other Jail Staff would not
accept plaintiff written request after becoming
knowledgeable from Harris, Sheriff Rodgers Came
to get some inmates plaintiff Called Sheriff
Rodgers and handed Rodgers a handwritten

Case 2:07-cv-00902-wkw-csc- Filed                page 20 of 23
of plaintiff request, plaintiff never got a response
<u>Notice</u>. THe Sheriff OFFice and The Jail are in sep
arate building and apart in distant, plaintiff
told Jail staff and pritchett of plaintiff needing a Notary
upon receiving order for plaintiff to response to defendants
plaintiff made known to the court upon filing for extent
ion of time also plaintiff await for defendants to provide
a notary or other personal to authorize in legal action
Court need to accept Sheriff Rodgers swron affidavit of
Rodgers the final policymaker and Rodgers knowledge of
correct response to Availibility grievance for inmates
are not availible Rodgers who make the policy and
plan of principle which guides to instruct from
Rodgers create invent the policy of supporting its
actually existing factual made by Sheriff Rodgers
knowledge to establish a affirm policy and
procedures availible Sheriff Rodgers synonym act
as the head of Jail policy administrator Pritchett and
Jail staff are the body of Jail policy respectfully the head
of policy instruct the body act according to knowledge
giving by Rodgers, If Rodgers(the head of) policy are
not consist with it body (administrator pritchett and
Jail staff) policy can't properly function as a
whole Rodgers knowledge of a availible as the
final policymaker affirm in Rodgers affidavit swron
knowledge to Bullock County Detention Center does
not have Availibe grievance procedure for inmates
Rodger Submit knowledge is final as the final **policymaker**

Case 2:07-cv-00902-wkw-csc Filed                    page 21 of 23
defendants supplemt special report page 2 (912) Bullock County Det-
ention Center is presently drafting written procedures that can
be handed out to inmates. only pritchett have Knowledge of
Bullock County Detention Center grievance procedures plaintiff deny
of Bullock County Detention Center having a grievance procedure,
and of Availible, when plaintiff Sought and pursved to Exhaust
administrative remedies and state board of adjustment
pritchett denied plaintiff of rights and put plaintiff in D. Cell
(the hole) because plaintiff required to file against against
the Jail and reply oral response to plaintiff to file from the
(the hole) pritchett failed to make availible, give plaintiff the
opportunity to file, or explain grievance procedure and order
staff (Jailer) ignore plaintiff that his word is final Next officer
came on duty state Mr pritchett put a note in cubic window
not to come to (the hole) D Cell plaintiff Continve to attempt
exhaust remedies complaints/grievance and to file against
the jail. pritchett alleged to try to corret his failure and are
meritless with No supporting evidence, defendants grievance /
Complaints are made oral and can be denied of Submitting of
any inmates request to stop any legal matter to deprive an
inmate of rights hopefully to weed out inmates from being
any cost of medical to the Jail, plaintiff doe's have more
evidence of Support that can be submit in timely. respect
pritchett response to drawing or drafting written procedure is
a can not be affectuve in timely of plaintiff filed
regarding grievance procedure, Court need to accept plaintiff
allege (Ex Ruby Thomas)(Ex Sheriff Rodger) plaintiff did sought
greivance procedure and Exhaust administrative remedies + state board

( EX. A )

Time _____ Date _____ Filed

## Request

Request TO: _____

I Alfonza Gachett request the following:

(1) My request to exhaust available administrative remedies and/or forms for an inmate to sought relief offered through administrative grievance procedure availible by the Bullock County Detention Center to file new violation

(2) My request to have a notary or other authorize personal officer to affirmation a sworn statement in writing made under oath before May 5th, 2008 to mail to the court

(3) My request to obtain correct lawbooks that i requested

(4) My request to see sheriff Raymond Rodgers in person cause authority threats my life with a fire arm

(5) My request through the Bullock County Detention Center for an inmate to file with the State Board of adjustment

(6) My request to file charge with the Bullock County Clerk of Court WILBERT M. JERNIGAN

Your Prompt reply requested
b/ Alfonza Gachett _____

( EXHIBIT A )

Case 2:07-cv-00902-WKW-CSC     Filed                    page 23 of 23

I hereby certify that on this ___ day of ___ 2008 I have placed a true and correct copy to the Clerk of the United States postage prepaid mail and addressed to the following regular mailing address to each of the following participants:

JAMES E WILLIAMS
MELTON ESPY & WILLIAMS P.C.          WEBB & ELEY P.C.
255 DEXTER AVENUE                    7475 HALCYON POINTE DRIVE
POST OFFICE DRAWER 5130              POST OFFICE BOX 240909
MONTGOMERY AL 36103-5130            MONTGOMERY AL 36124

/S/ Alfonza Gachett

I swear to the best of my present Knowledge and information that the above statements are true that I am competent to make this affidavit and that the above statements are made by drawing from my personal Knowledge of the situation

Alfonza Gachett
ALFONZA GACHETT

SWORN TO and SUBSCRIBED before me this 5 day of May 2008

Duane Anderson
NOTARY PUBLIC
My Commission Expires 12-19-09

Mr Alfonzo Gackett
114 West Hordway St
Union Springs Al 36089



Office Of The Clerk
United States District Court
P.O. Box 711
Montgomery, Al 36101-0711